**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROSENDO RODRIGUEZ ZAPATA, 633953** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:03-CV-2047-M** |
| | ) | |
| **DOUGLAS DRETKE, Director, TDCJ-CID,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Procedural History

On January 14, 1993, Petitioner was convicted of aggravated robbery and sentenced to twenty-five years confinement. *State v. Zapata*, No. F-92-66141-I (Crim. Dist. Ct. No. 2, Dallas County, Tex., Jan. 14, 1993). No appeal was filed. On March 1, 1995, on state habeas review, the Court of Criminal Appeals granted Petitioner the opportunity to file an out-of-time appeal. *Ex parte Zapata*, Application No. 72,030. After Petitioner filed a notice of appeal, the Fifth District Court of Appeals dismissed the appeal for want of jurisdiction, finding that no appeal had been filed until after the extended deadline had passed. *Zapata v. State*, No. 05-95-01089-CR, slip op. (Tex. App. – Dallas, Sept. 23, 1997) (not designated for publication).

Petitioner filed a second application for state habeas relief. On November 8, 2000, the Court of Criminal Appeals again granted Petitioner the opportunity to file an out-of-time appeal,

finding that appellate counsel had not been appointed until after the extended deadline had passed. *Ex parte Zapata*, Application No. 73,946.

On December 20, 2000, Petitioner filed a notice of appeal. On January 10, 2002, the Fifth District Court of Appeals affirmed the conviction. *Zapata v. State*, No. 05-01-00045-CR, slip op. (Tex. App. – Dallas, Jan. 10, 2002). Petitioner did not file a petition for discretionary review. (Resp. Ex. A).

On September 2, 2003, Petitioner filed this federal petition. Petitioner argues the evidence was insufficient to support the conviction, and he received ineffective assistance of counsel. On January 7, 2004, the Court ordered Respondent to file a preliminary response addressing whether the petition is barred by the statute of limitations. Respondent filed his response arguing that the petition is time-barred. Petitioner filed a traverse stating that he filed a third state habeas petition on February 12, 2003. The Court ordered Respondent to produce the records on this state writ. Respondent filed a response stating that it confirmed that Petitioner filed a third state writ after Respondent filed his preliminary response. The Court of Criminal Appeals denied the writ on May 12, 2004. *Ex parte Zapata*, Application No. 26,823-03. Respondent states that further investigation is needed to determine whether Respondent still believes the petition is time-barred. Respondent therefore answered the petition on the merits.

## II. <u>Discussion</u>

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant

> to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United states Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2049 (1997). The petition in this case is subject to review under the AEDPA.

**2. Statement of Facts**

The state appellate court found the following facts:

> On the evening of July 10, 1992, Rockie Rogers, the complainant, was returning

> to his girlfriend's car after using a pay phone when he noticed a small group of men by the car. Rogers asked them to move, but they refused. Then, one of the men, later identified as appellant, brandished a gun, demanded the car keys and told Rogers to leave. Rogers complied. Approximately two hours later, the police found appellant driving the car and arrested him. The police did not recover a weapon.
>
> At trial, Rogers testified appellant looked familiar, but was unable to positively identify him as the gunman. However, Paul Ellzey, the arresting officer, testified appellant matched the description of the gunman Rogers had given following the robbery: "a Latin male, seventeen years old, five foot nine, one hundred forty-five pounds, brown hair, brown eyes . . . [wearing] unusual jewelry, his hair curled at the neck, gold necklace with a large cross and a blue V-neck shirt." Ellzey also identified a picture, admitted into evidence, of appellant taken immediately after the arrest and depicting the necklace, shirt, and "hairdo."
>
> Testifying in his defense, appellant denied taking part in the robbery. He explained he had borrowed the car from a friend and did not know the car was stolen.

*Zapata v. State*, No. 05-01-00045-CR, slip op. 1-2 (Tex. App. – Dallas, Jan. 10, 2002).

**3. Sufficiency of the Evidence**

Petitioner argues the evidence was legally and factually insufficient to sustain his conviction. Respondent argues these claims are procedurally barred. Federal courts may not review a state court decision that rests on adequate and independent state procedural grounds, unless the habeas petitioner shows cause for the default and prejudice attributable to the default or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Id*.; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

Respondent argues that Petitioner's two insufficiency of the evidence claims are procedurally barred because Petitioner failed to present those claims to the Texas Court of

Criminal Appeals in a petition for discretionary review after the state appellate court rendered its decision. If a state court has declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, such as filing a petition for discretionary review, the procedural bar applies. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991). The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *Id.*

The state record reflects that Petitioner raised his insufficiency of the evidence claims on appeal, but he failed to file a petition for discretionary review. Although he attempted to raise them on habeas corpus review, sufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus. *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981). *See West v. Johnston*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994). Accordingly, the Texas Court of Criminal Appeals has not reviewed the claims. They cannot be reviewed by a state court because it is too late to file a petition for discretionary review. If this Court were to require him to return to state court to exhaust these claims, they would be subject to dismissal. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider his claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing

*Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's insufficiency of the evidence claims.

**4. Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must meet the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), which requires proof that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Id*. at 687. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In this case Petitioner argues his counsel was ineffective for failing to object to hearsay testimony. Petitioner does not identify the testimony that he alleges was hearsay. He also does not identify the witness or witnesses that proffered the hearsay testimony. Petitioner's conclusory allegations of ineffective assistance of counsel fail to raise a colorable basis for habeas corpus relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). Petitioner's claims are without merit and should be denied.

**5. Conclusion**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, Petitioner has not shown that the state courts' decision to deny relief was contrary to or involved an unreasonable application of clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition

pursuant to 28 U.S.C. § 2254 be denied with prejudice.

Signed this 13th day of June, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE